```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
FRANK BOGUES,                            :    06 CIV. 11 (DLC)
                    Plaintiff,           :
                                         :    OPINION AND ORDER
        -v-                              :
                                         :
PAULETTE STEWART, M.D. and RYAN/CHELSEA  :
CLINTON COMMUNITY HEALTHCENTER, INC.,    :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

Appearances:

For Plaintiff Frank Bogues:
Andrew D. Himmel
Himmel & Bernstein, LLP
928 Broadway, Suite 1000
New York, New York 10010

For Defendants Paulette Stewart, M.D.,
and the Ryan/Chelsea Clinton Community
Health Center:
Wendy Waszmer
Assistant United States Attorney
United States Attorney's Office for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007

DENISE COTE, District Judge:

Plaintiff Frank Bogues ("Bogues") has sued defendants Dr. Paulette Stewart ("Stewart") and the Ryan/Chelsea Clinton Community Health Center ("Ryan Health Center") for negligence relating to medical treatment Bogues received at the hands of the defendants. The defendants have moved to substitute the United States as a defendant and to dismiss Bogues' claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the following reasons the defendants' motions are granted and the suit is dismissed.

## Background

The following facts are taken from Bogues' complaint. In March 2003, Bogues was treated by Stewart at the Ryan Health Center and was diagnosed as suffering from herpes zoster. To treat Bogues' condition, Stewart prescribed a pharmaceutical called Acyclovir. Bogues claims that the dosage of Acyclovir prescribed was inadequate to treat the diagnosed condition. A variety of damages have resulted from Stewart's negligent care.

Bogues filed his complaint in New York Supreme Court on July 29, 2005 ("Complaint"). On October 6, 2005, Michael Garcia, the United States Attorney for the Southern District for New York, certified pursuant to 28 U.S.C. § 2679(d) that Stewart and the Ryan Health Center were operating within the scope of their employment as employees of United States of America at the time of the incidents described in the Complaint. On January 3, 2006, the defendants removed the action to this Court, and on January 10, the defendants filed the instant motions.

## Discussion

1. Substitution of the United States as a Defendant

The Federal Tort Claims Act ("FTCA") waives the United States's sovereign immunity for certain classes of tort claims. Celestine v. Mount Vernon Health Center, 403 F.3d 76, 80 (2d Cir. 2005). It also provides that district courts shall have exclusive jurisdiction over many types of tort claims brought against the United States if the injury in question was caused by "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

The Public Health Service Act ("PHSA"), 42 U.S.C. § 201 et seq., makes the Federal Torts Claim Act the exclusive remedy for actions against members of the Public Health Service "for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions...." Id. at § 233(a); see also Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000). Under the PHSA, the Secretary of Health and Human Services may deem health centers that receive federal assistance and their employees to be employees of the Public Health Service. 42 U.S.C. § 233(g)(1)(A). When a tort action is brought against such designated employees, the United States Attorney for the District where the action is brought may certify that the health center or its employees were working within the scope of their employment at the time of the incident. 28 C.F.R. § 15.4(a); see also 28 U.S.C. § 2679(d). Upon certification, the case is removed to federal court, the United States replaces the named defendants as the liable party, and the case proceeds as an FTCA suit. See 42 U.S.C. § 233(c); Celestine, 403 F.3d at 80.

As already noted, United States Attorney Garcia has certified that both defendants were working within the scope of their employment as employees of the Public Health Service at the time of the incidents at issue. Having been properly certified, the defendants' motion to substitute the United States as defendant is granted and the case proceeds under the FTCA.[1]

---

[1] Bogues does not contest the certification or the substitution of the United States as a defendant.

2. Subject Matter Jurisdiction

Having been substituted as a defendant, the United States has moved to have the complaint dismissed for lack of subject matter jurisdiction. A plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Aurecchione v. Schoolman Transp. System, Inc., 426 F.3d 635, 638 (2d Cir. 2005).

The FTCA requires a plaintiff to exhaust all administrative remedies before filing suit in federal court. Celestine, 403 F.3d at 82. In order to pursue a claim under the FTCA the plaintiff must have "first presented the claim to the appropriate Federal agency" and that claim must "have been finally denied by the agency in writing." See 28 U.S.C. § 2675(a). This requirement extends to all actions, including those begun in state court. 28 U.S.C. § 2679(d)(4). The FTCA's exhaustion requirement "is jurisdictional and cannot be waived." Celestine, 403 F.3d at 82. Bogues concedes that his claim has never been presented to the Department of Health and Human Services or to any other federal agency.

Plaintiff argues that it would be unjust to treat his suit as barred by the FTCA because it was timely filed in state court and he was unaware that either Stewart or the Ryan Health Clinic were associated with the federal government. The FTCA exhaustion requirement applies even where a plaintiff is unaware that the defendants were employed by the United States. See id. at 82-83 (applying FTCA exhaustion requirement where defendant was not readily identifiable as a federal employee). Because Bogues has

4

failed to exhaust his administrative remedies, his claim must be dismissed for lack of subject matter jurisdiction.

Bogues expresses concern that his claim may be unfairly denied because he unwittingly failed to file an administrative claim within the time required by federal law. It is premature to address the issue of equitable tolling at this time. The issue of equitable tolling may be addressed through the administrative process or, if necessary and appropriate, thereafter. Claims removed from state court, that were timely filed under state statutes of limitations, may be deemed timely under federal law if the claim is presented to the relevant federal agency within sixty days of dismissal of the action. Id. at 83 (citing to 28 U.S.C. § 2679(d)(5)).

## Conclusion

The defendants' motion to substitute the United States as a defendant is granted. The motion of the United States to dismiss for lack of subject matter jurisdiction is also granted. The Clerk of Court shall close the case.

Dated: New York, New York
June 12, 2006

_____
DENISE COTE
United States District Judge